IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOHN V. COSTELLO, PAULINE W. COSTELLO, and the PAULINE W. COSTELLO TRUST, dated 5/13/1988, | : : : : | |
| Plaintiffs, | : : | Civil No. 1:14-cv-03208 (RBK/KMW) |
| v. | : : | **OPINION** |
| LIBERTY MUTUAL INSURANCE | : : : | |
| Defendant. | : : | |

**KUGLER**, United States District Judge:

This matter arises upon Plaintiffs John V. Costello, Pauline W. Costello, and the Pauline W. Costello Trust's ("Plaintiffs") motion to sever and reinstate claims against Defendant Liberty Mutual Insurance ("Defendant"). For the reasons discussed below, Plaintiffs' motion is **DENIED**.

**I.  BACKGROUND**

On or about March 24, 2014, Plaintiffs commenced suit against Liberty Mutual Insurance in the Superior Court of New Jersey, Law Division, Ocean County. Defendant removed this case to the District Court of New Jersey on May 19, 2014 (Civil Action 1:14-cv-03208). On October 7, 2014, Plaintiffs filed suit against Liberty Mutual Fire Insurance Company (Civil Action 1:14-cv-06203). Pursuant to Federal Rule of Civil Procedure 42(a) and in the interest of efficiency, these cases were consolidated into case number 1:14-cv-03208 on February 5, 2015.

1

*See* Doc. No. 16. Case Number 1:14-cv-06203 was terminated on February 5, 2013, consistent with the order to consolidate.

The consolidated case was then ultimately terminated on June 9, 2015 after the parties reported it to the Court as tentatively settled. *See* Doc. No. 21. The order included a right to reopen the case within 60 days of entry of the order, and on August 13, 2015, another order extended that right to a total of 120 days. *See Id.*; Doc. No. 22. On March 28, 2017, Plaintiffs filed this motion to sever the consolidated cases and reinstate the case against Liberty Mutual Insurance. *See* Pl. Br.

## II. STANDARD

Rule 60(b)[1] of the Federal Rules of Civil Procedure provides that the Court may "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or is vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief."

Rule 60(c)(1) states, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the

---

[1] Plaintiffs focus their brief and argument on New Jersey Local Civil Rule 41.1(a)—they frame the case as one previously dismissed for lack of prosecution. *See* Pl. Br. at 6-7. Plaintiffs are incorrect. This matter was dismissed pursuant to Judge Simandle's June 9, 2015 order because the case was "tentatively settled," not unprosecuted. *See* Doc. No. 21. Thus, Local Rule 41.1 is inapplicable, and Rule 60 is the relevant legal standard. Fed. R. Civ. P.

2

date of the proceeding." *See also Pioneer Inv. Servs. V. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 ("a party who failed to take timely action due to excusable neglect may not seek relief more than a year after the judgment by resorting to subsection (6)"). Furthermore, "[t]he remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citations omitted); *see Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967).

### III. ANALYSIS

Plaintiffs argue that, under New Jersey Local Civil Rule 41.1(a), they are entitled to relief. 41.1(a) is inapplicable, though, for the reasons set forth in footnote 1—namely that the case was dismissed as settled and not for a failure to prosecute. Instead, Plaintiffs really seek relief from an order for dismissal. *See* Doc. No. 21. As such, the applicable rule is Rule 60(b).

Plaintiffs filed for relief from the order for dismissal one year and nine months after it was entered, and one year and five months after their right to reopen expired. *See* Doc. No. 21; Doc. No. 22. A motion under Rule 60(b)(1)—the only category that this case might otherwise fall under as Plaintiffs have offered no evidence that Rules 60(b)(2)-(6) apply—must be made "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). As such, any remedy is barred by law and Plaintiffs' motion must be denied as untimely.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to sever and reinstate is **DENIED**.


Dated:  09/18/2017                                s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge